23-1-8-7. Good morning. Good morning. May it please the court, my name is Philip Furia and I represent the National Rifle Association of America. Let me just begin by saying how nice it is to be back in a real courtroom again. So thank you for having us here today. Thank you. On this appeal, we respectfully request that this court reverse the trial court ruling dismissing plaintiff's claim and remand the matter back to the trial court to allow the plaintiff to submit an amended plea. We're here today under unusual circumstances. The case was filed by the NRA challenging Executive Order 202.8 because it failed to define as essential businesses, gun shops, gun ranges, and firearms instruction courses. And if they were essential, they would have been allowed to operate during portions of the pandemic. The NRA saw the declaratory judgment and injunctive relief to say that these measures violated the Second and Fifth Amendment. Now the trial court dismissed the NRA's claim and refused to allow the NRA to amend based on the idea that the NRA failed to allege damages. Now I planned to come here and ask this court to reinstate the Second Amendment complaint so that we could pursue our declaratory judgment and injunctive relief. However, in June of this year, 202.8 was rescinded. And just a few months ago, a different panel determined that another declaratory judgment action concerning 202.8 was now moved. That's the Dark Storm case that my learned colleague brought to this court's attention. So the question is, what does this court do, with my opinion? And the answer we respectfully contend is that it should be remanded so that plaintiff can replead based on the current state of the law. That's supported by the Supreme Court's 2020 decision in the New York State Rifle and Pistol Association versus FOMO. In that case, the plaintiff challenged the rule concerning the transport of firearms. And after the Supreme Court granted certiorari, the rule was changed to give the petitioner exactly what they wanted. The Supreme Court said, okay, the declaratory judgment and injunctive relief is now moved. But the Supreme Court did not dismiss the appeal. What they did instead, because it was rendered moot by a change in the law, the Supreme Court remanded the matter so that the plaintiff could attempt to replead in light of the new state of the law. That's what we want in this case. A chance to replead because the law has changed. Regardless of whether a declaratory judgment or injunctive relief is available here, there are injuries which need to be redressed. And the trial court got it wrong when it determined that the NRA had not incurred any injury. If the case is moot, does your claim for nominal damages survive? Is that still left in the case? Well, to be clear, we're not asking that this court allow us to pursue our previously pled claim for nominal damages. Because, frankly, this case was always calibrated as an attempt to obtain a declaratory judgment. That's what we were always looking for. So are you withdrawing this request for nominal damages? Insofar as it's been pled in our second amendment. Insofar. So my question is, are you withdrawing it in the case that's in front of us? No. We're asking for the opportunity to replead the matter, which would involve a retooling and a recalibrating of the entire case. And we would be repleading both nominal damages and also likely compensatory damages. Let me then recharacterize my question. Are you on appeal? Yes. Abandoning the challenge to the district court's dismissal of the nominal damages part of this? I don't know that abandoning is the word that I would use. I understand the question. I understand the distinction. But I think that our response to that would be that when the nominal damages claim was pled, it was really pled as an add-on to what was a declaratory judgment and injunctive relief claim. So we don't want to pursue that nominal damages claim as pled. But what we do want to do is recognize that the law has changed. We should be given an opportunity to go back, regroup, and replead. That's what would be fair here. Because as I said, there are injuries that need to be redressed. And the trial court was wrong when it determined that the NRA didn't have any injuries. Because the proposed second amended complaint details that time and effort was diverted from the NRA's core mission to answer thousands of calls. So is your claim for declarative and injunctive relief different from Dark Storm? It's not. Okay. But the case is different. I looked at the record. I looked at the pre-argument submissions and the post-argument submissions in Dark Storm. The plaintiff in Dark Storm doesn't appear to have asked for an opportunity to replead under the new state of the law. And that's what distinguishes the case here. The outcome is different. In Dark Storm, the appeal was dismissed. In this case, the appeal should not be dismissed. We should just be given that opportunity, and it's in line with a 2020 Supreme Court decision. Because as I said, there are injuries here. Time and effort was diverted from the NRA's core mission. So Dark Storm had the benefit of that Supreme Court decision and did not do what you're asking us to do. Counsel for the plaintiff in Dark Storm does not appear to have asked this court to do what I am asking this court to do. I can't tell you why. Okay. But it's also important to note that when the trial court's decision was rendered, this was before this court's decision in Moya. And in Moya, this court determined that a substantial expenditure of resources and frustration of an organization's mission are sufficient to establish an injury in fact. And if you take a look at page 40 of the defendant's brief, they essentially concede that in the Second Amendment complaint, the NRA has likely pled a cognizable injury in fact. So the bottom line here is the NRA and its members were injured. And if a change in the law has rendered declaratory judgment and injunctive relief unavailable, they should be permitted to regroup and replete this case. I'm not sure. I'm just stepping back. What is it that you want? I guess I'm not sure what this lawsuit is about anymore then. What are you going to replete and ask for? We are going to ask for an award of either nominal and or compensatory damages. And or, because you just said earlier that this really isn't about the nominal damages. Well, when we first pled the claim, look, we were looking for relief. We were looking to redress a constitutional wrong. And frankly, this was not and never has been primarily about an attempt to recover damages. What we wanted was a declaration that what was done was wrong. If that's not available to us. Right. So that's moved. So what do you want now? We want an opportunity to replete this as a claim for damages in light of the fact that our primary relief appears to no longer be available to us. So if the other option is, what, these claims are just dismissed and the wrongs are just not redressed, we don't think that that's an equitable or just result. Don't you have an 11th Amendment problem asking for damages? Well, we would if the defendants are only sued in their official capacity. In the initial complaint, in the First Amendment complaint, individual defendants are also sued in their individual capacity. So certainly if we're given the opportunity to replete, it's some of the defendants in their individual capacity in a claim for damages. So there would be no 11th Amendment problem there. What did they do in their individual capacities? Well, they acted in their individual capacities to pass regulations and then issue guidance, which was plainly in violation of the Second Amendment and in violation of the Supreme Court's jurisprudence concerning the Second Amendment and what it protects. So there would certainly be, perhaps, there could potentially be a defense of qualified immunity, but that's something that should come down the road when we put in our pleading. There may be more motion practice. We may be back here in a couple of years, but the NRA should be given the opportunity. The law has changed. The facts have changed. Let's see if there is a claim that can redress these wrongs. Thank you very much. You've reserved some time for a rebuttal, Mr. Pugliese, so we'll hear from Mr. Ginsburg. Thank you. May it please the Court. As I think everyone now agrees, the NRA's request, the appeal to the extent it requests injunctive and declaratory relief should be dismissed as moot, and Dark Storm is fully on point for that. What remains is their request for nominal damages, and Judge Kearse, as you pointed out, in the complaint that they now say is controlling for purposes of this appeal, the proposed Second Amendment complaint, they run into an Eleventh Amendment problem because the defendants are state officials, and they're sued only insofar as they acted in their official capacity. So damages, including nominal damages, are constitutionally barred as against them. So the question before us, Mr. Ginsburg, is the NRA would like to replead. So, yes, it's moot. Yes, there's an Eleventh Amendment barrier, but they'd like to go back to the district court and replead to correct some of these issues and ask for compensatory and nominal damages. What's to prevent them from doing that? Well, a couple of responses, Your Honor. I mean, first of all, if this is really what they want to do, the state would enjoy an opportunity to brief that issue. It wasn't raised in response to our 28J letter, for example. It wasn't brought up in the other side's reply brief. So if the court wants to order a briefing on that, we'd love to be heard more fully. But frankly, they've now already proposed a second amended complaint. And while it's true that— So your first answer is that they've actually abandoned the argument for the right to go back and replead. That's my first answer. And my second answer is, although the law has changed, to be sure, if indeed the NRA and or its members have suffered compensable injury— I mean, they've already pleaded nominal damages, so that's in the case as it is, with all the problems that Judge Kearse identified and that I just went through with Your Honors. The dismissal of that relief should be affirmed. But as to compensatory damages, you know, the law has changed, yes. But the retrospective historical fact of whether the NRA and its members did or did not incur compensatory damages has not changed. I mean, that's just a historical fact. So if indeed they had an injury, a compensable injury for which they could have pleaded compensatory damages, they could have done that in their initial complaint. They didn't do it. They could have done it in their first amended complaint. They didn't do that. Nor did they attempt to do that in their proposed second amended complaint. So this would be the fourth bite at the apple, and that's, I think, at least two bites too many in this context. Now, to be sure, the NRA is free to bring another lawsuit, and that's generally what you do when the law changes. But this case, this appeal is over. The request for injunctive and declaratory relief is moved, and the controlling complaint for appellate purposes, the proposed second amended complaint, is otherwise barred as to nominal damages due to the 11th Amendment. So we'd ask for dismissal as to injunctive relief and declaratory relief and affirmance otherwise. And unless there are any further questions, I'll rest on the papers. Thank you. Thank you. I'd like to begin my rebuttal just by pointing out that the fact that compensatory damages were not previously requested is not a bar in any way. What is to prevent you from just filing a new lawsuit? What's the harm to that? Well, I think that that's an interesting point because if the state has no problem with us filing a new lawsuit, it raises the question of why they would have a problem with us refleeting. But my question is the reverse of that, which is why can't you do that? Well, I think there could be some issue with regard to the preclusive effect of a decision by this court formally dismissing our case on appeal. And that's certainly something that we can look into and brief for this court. But I think that we could, in fact, be barred. And that's why we're asking this court to follow the Supreme Court's precedent and just remand the matter. There's no reason for us to start the matter over again. And in the Supreme Court's decision in the New York State Rifle and Pistol Association matter, the request for compensatory damages wasn't brought up until briefing on the Supreme Court appeal. Actually, it may not have even been brought up until the solicitor general was asked to submit additional papers after the briefing. And the Supreme Court was not troubled by that. And one thing I've learned in my job so far is that the Supreme Court is a little unique. You can do whatever it wants. This is true. This is true. So we are stuck with certain rules that we have, whether we like them or not. And I am not aware of a situation like this that you can educate me where we have dismissed an entire action generally as moot and otherwise affirmed and then allow the party to replead, particularly when that argument was not made at all until oral argument. And I understand that this is a bit of a different situation. And I think part of the answer, there is some jurisprudence that's mentioned in the New York State Rifle and Pistol Association case. It says, in instances where mootness is attributable to a change in the legal framework governing the case, where the plaintiff may have some residual claim under the new framework that was understandably not asserted previously, our practice is to vacate the judgment and remand for further proceedings. So it's a weird situation, but it's not entirely unprecedented. So what we're asking for is an opportunity to replead. And I think that this really brings us back to a fundamental issue, which is why are we here? Why did we all leave our homes today and come to this somewhat empty courtroom, put on masks? It's because what we do here matters. It's important. We're here to do justice. We have a plaintiff that has viable claims against some of these defendants. That matters. And the other option is to allow those claims and those injuries to go unredressed. I don't think that would be a just result. So, again, we ask that this court remand the matter and at least give us a chance to try to replead under this new legal framework that came into existence after this matter was briefed in this court. Thank you very much. Thank you very much. The matter is submitted.